PER CURIAM.
The plaintiff-appellee sued the defendant-appellant alleging that the defendant had improperly installed an air conditioning and heating system in each unit of a 20 unit apartment building owned by the plaintiff. The complaint further alleged that the systems failed to operate satisfactorily and the defendant failed and neglected to correct the deficiencies.
The defendant, without the services of counsel, answered the allegations in the complaint. Later the plaintiff filed a motion for summary judgment and introduced two affidavits. The defendant failed to file counter-affidavits.
The plaintiff filed an affidavit by an air conditioning service engineer, who stated that the systems installed by defendant failed to comply with the systems specified in the contract. This affidavit stated that affiant had, on numerous and repeated occasions, examined and effected repairs upon the heating and air conditioning systems installed by the defendant and, upon examinations made, found that the systems installed failed to comply in various respects; that he had billed the plaintiff a total of $4,000 for labor and materials which he had already spent on improving the systems, of which $3,500 had been paid to him, with $500 still owing, and that it would require at least $6,000 more to make the systems produce the required conditioning, making a total of $10,000 damages.
Arthur B. Berk also filed an affidavit alleging that he is assistant treasurer of the *542 plaintiff corporation and had been intimately concerned with the controversy between the corporation and the defendant. In substance, this affidavit detailed various faults with the systems and averred that the corporation lost revenue of $9,125.00 as a direct result of the loss of tenants who had moved out of the building as a direct result of the deficiencies of the heating and air conditioning systems. He also alleged the damages, through improper installation to be in the sum of $10,000 (detailed in the previous affidavit).
The trial judge entered a summary judgment in the sum of $10,000 thus allowing damages for the repair work in the sum necessary to complete the repairing of the heating and air conditioning systems, but disallowing the sums claimed for loss of tenants.
We have reviewed the affidavits and pleadings and hold that the lower court was justified in entering summary judgment to the extent of $10,000. No cross-assignment was made by the plaintiff.
Affirmed.
ALLEN, Acting C. J., and SMITH and WHITE, JJ., concur.